IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARKOS ESQUER,**

      **Plaintiff,**

      v.                                                                                          **Civ. No. 25-82 JCH/KRS**

**CITY OF ALBUQUERQUE,**

      **Defendant.**

## ORDER OF VOLUNTARY DISMISSAL

**THIS MATTER** is before the Court on Plaintiff Markos Esquer's *Ex Parte Voluntary Motion for Dismissal* (ECF No. 4). Plaintiff, an inmate at the Bernalillo County Metropolitan Detention Center who is proceeding *pro se*, brought a *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*, alleging that his right to be free from cruel and unusual punishment was violated by the City of Albuquerque when it allowed a local morning radio show to broadcast "sexually perverse content." (*See id.*; Compl., ECF No. 1; Pl.'s Mot. 1, ECF No. 2.) Plaintiff now voluntarily moves to dismiss the case he brought against Defendant City of Albuquerque.[1]

The Court construes Plaintiff's motion as a request under Federal Rule of Civil Procedure 41(a), which governs voluntary dismissal in civil cases. Rule 41(a) gives a plaintiff an absolute right to dismiss an action without a court order and without prejudice "before the opposing party

---

[1] Plaintiff filed his voluntary motion to dismiss ex parte, so it was kept under seal. Courts have long recognized a qualified common-law right of access to judicial records. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). "A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135 (10th Cir. 2011) (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). "To do so, 'the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" *Id.* at 1135-36 (quoting Helm, 656 F.3d at 1292). Although exceptions exist for things such as classified information, private medical information, ongoing investigations, trade secrets, and the identities of minors, no substantial interest is present here to justify sealing the document in this case. Accordingly, the Court finds that Plaintiff's voluntary motion should be unsealed.

serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). *See also Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (stating that Rule 41(a)(1)(i) grants "an absolute right to dismiss without prejudice"). Prior to Plaintiff filing his motion for dismissal, Defendant City of Albuquerque filed a *Motion to Dismiss Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in lieu of Answer* (ECF No. 3). The Tenth Circuit has held that a defendant's motion to dismiss does not defeat a plaintiff's absolute right to dismiss his claims under Rule 41(a)(1)(A)(i). *See De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) (explaining that defendant "filed a motion to dismiss, not an answer or a motion for summary judgment," and thus plaintiff "could have dismissed the case unilaterally under Rule 41(a)(1)(A)(i)"). Accordingly, the Court will grant Plaintiff's motion to voluntarily dismiss the Civil Rights Complaint (ECF No. 1). The Court will also deny Defendant's motion to dismiss (ECF No. 3) and Plaintiff's *Motion for Leave to Proceed in Forma Pauperis* (ECF No. 2), both of which are now moot.

**IT IS THEREFORE ORDERED** that

1. Plaintiff Markos Esquer's *Ex Parte Voluntary Motion for Dismissal* (**ECF No. 4**) should be **UNSEALED** and is **GRANTED**.

2. Plaintiff's Civil Rights Complaint (**ECF No. 1**) is **DISMISSED WITHOUT PREJUDICE**.

3. Defendant's *Motion to Dismiss Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in lieu of Answer* (**ECF No. 3**) is **DENIED AS MOOT**.

4. Plaintiff's *Motion for Leave to Proceed in Forma Pauperis* (**ECF No. 2**) is **DENIED AS MOOT**.

5. The Court will enter a separate final judgment closing this case.

_____
SENIOR UNITED STATES DISTRICT JUDGE